# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 1:07CR00032 |
| v. | **OPINION AND ORDER** |
| **JESSEE DANE COX,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; D. Craig Hughes, Houston, Texas, for Defendant.*

The United States moves to dismiss the defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013). After review of the parties' submissions and the record, I conclude that the Motion to Dismiss must be taken under advisement, pending an evidentiary hearing on the defendant's claim that counsel failed to advise him about the mandatory life sentence he faced.

Cox was charged with conspiracy to distribute 500 grams or more of methamphetamine. The United States filed a notice of enhanced punishment pursuant to 21 U.S.C.A. § 851 (1999), informing Cox that, based on his two prior convictions for felony drug offenses, he was subject to a mandatory sentence of life imprisonment under 21 U.S.C.A. § 841(b)(1)(A) if convicted. Cox pleaded not

guilty, was convicted by a jury, and was sentenced to the mandatory sentence of life imprisonment under § 841(b)(1)(A). Cox's appeal and petition for a writ of certiorari were unsuccessful. *United States v. Cox*, 384 F. App'x 234 (4th Cir.) (unpublished), *cert. denied*, 131 S. Ct. 536 (2010).

Proceeding pro se, Cox filed a timely § 2255 motion alleging several grounds for relief. The United States has filed a Motion to Dismiss, and Cox has filed a pro se response.[1] Several months after the Motion to Dismiss was filed, counsel entered the case on Cox's behalf and filed an additional reply brief.[2]

I find that the majority of Cox's claims can be resolved on the existing record. As to his claim that counsel provided ineffective assistance regarding the mandatory life sentence, however, I find that additional factual development is warranted. In his pro se response to the Motion to Dismiss, Cox expands his allegations in support of this claim. Specifically, Cox alleges that counsel told Cox that, despite the Sentence Enhancement Notice based on his two prior drug

---

[1] In his pro se response, Cox asserts that he cannot respond fully to the Motion to Dismiss, because he has not received various discovery materials he requested. Under Rule 6(a) of the Rules Governing § 2255 Proceedings, parties are entitled to discovery in § 2255 actions only by leave of court for good cause shown. Good cause requires specific allegations showing that, with the discovery, the defendant may be able to demonstrate that he is entitled to habeas relief. *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997). Cox has made no such showing as to the discovery materials he requested while pro se, and counsel has not renewed the requests. Therefore, I find the Motion to Dismiss is ripe for consideration.

[2] Counsel for Cox concedes that this court had jurisdiction over the criminal charges. Therefore, I will consider Cox's claim in the pro se § 2255 motion that the court lacked jurisdiction to be withdrawn.

felonies, the life sentence was not mandatory, that the government's case against him was weak, and that he could win an acquittal at trial, which caused Cox to reject a proposed plea agreement subjecting him to a less severe sentence.[3]

If Cox can prove these allegations by a preponderance of the evidence, he would establish a Sixth Amendment violation entitling him to relief under § 2255 from his conviction and sentence. *See Lafler v. Cooper,* 132 S. Ct. 1376 (2012) (holding that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Because the existing record does not conclusively show that the petitioner is not entitled to relief under § 2255 on this claim, I cannot resolve the claim without further

---

[3] I find that the additional allegations in Cox's response and counsel's reply brief relate back to the claim of ineffective assistance regarding the life sentence, as raised in the timely filed § 2255 motion. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (finding that late amendment to a § 2255 claim can be granted if amended facts or claims relate back to timely filed claims under Rule 15(c) of the Federal Rules of Civil Procedure).

development of the facts.[4]  Therefore, I will take the Motion to Dismiss under advisement and conduct an evidentiary hearing on this one claim.

For the stated reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss is taken under advisement;

2. The clerk is directed to schedule an evidentiary hearing in the United States Courthouse in Abingdon, Virginia, as soon as reasonably practicable, and shall arrange for the defendant to participate in the proceeding via videoconferencing, if practicable.  At the hearing, I will take evidence on the defendant's claim that his attorney provided ineffective assistance by failing to advise him properly about the mandatory life sentence he faced.

ENTER:  May 24, 2013

/s/  James P. Jones
United States District Judge

---

[4]  In a habeas proceeding, a federal court must hold an evidentiary hearing when the petitioner alleges facts, which, if true, would entitle him to relief. *United States v. Sabbagh*, 98 F. Supp. 2d 680, 686 (D. Md. 2000) (citing *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992)). Section 2255 "motions turning on only factual and credibility issues cannot be resolved solely on the basis of affidavits, but rather, in general, require an evidentiary hearing." *United States v. Murphy*, No. 00-6302, 2000 WL 1144603, at *1 (4th Cir.  Aug. 14, 2000) (unpublished).